IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS ANTONIO JONES, # 203884, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 1:20cv219-WHA |
| ) | (WO) |
| CHARLES TIPTON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Petitioner Marcus Antonio Jones, a state inmate at Red Eagle Honor Farm in Montgomery, Alabama, filed this *pro se* action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. # 1. In his petition, Jones challenges his 1999 murder conviction and resulting 99-year sentence imposed by the Circuit Court of Coffee County. He asserts various claims of trial error and ineffective assistance of counsel. *Id.* at 3–8. As explained below, this court finds that Jones's self-described § 2241 petition constitutes a successive § 2254 petition for writ of habeas corpus that has been filed without the required appellate court permission.

**II. DISCUSSION**

Jones challenges his state conviction, and he is in custody under the judgment of an Alabama court. Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed under 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot

evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this court must apply the procedural restrictions applicable to § 2254 petitions to Jones's petition.[1]

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[1] On April 2, 2020, this court entered an order finding that Jones's petition should be construed as one filed under 28 U.S.C. § 2254 and would henceforth proceed as such a petition. Doc. # 2.

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

This court's records indicate that in February 2005, Jones filed a habeas petition under 28 U.S.C. § 2254 challenging the same 1999 Coffee County murder conviction and sentence he challenges by his instant petition. *See Jones v. Mitchem*, Civil Action No. 1:05cv200-WKW. In that prior habeas action, this court denied Jones's petition as time-barred under AEDPA's limitation period and dismissed the action with prejudice. *See id.,* Docs. # 25, 27, 28. The final judgment was entered by the district court on October 26, 2006.

As a matter of law, dismissal of a § 2254 petition on statute-of-limitations grounds constitutes an adjudication on the merits for purposes of § 2244(b)(3)'s second-or-successive-petition requirements. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior untimely petition counts for § 2244(b) purposes because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect

---

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

3

barring consideration of the petitioner's substantive claims") (followed in *Cogman v. Crow*, 2018 WL 5624299, at *2 (M.D. Ala. 2018)).

Jones furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas corpus relief. Because this undertaking is a successive § 2254 habeas corpus petition and because Jones has not obtained permission from the appellate court to file a successive § 2254 petition, this court lacks jurisdiction to consider Jones's claims. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, Jones's petition is due to be dismissed for lack of jurisdiction. *Id*. at 934.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Jones's 28 U.S.C. § 2254 petition be DISMISSED for lack of jurisdiction, as Jones has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 20, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of April, 2020.

        /s/ Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE